## ACTIONS AGAINST EXECUTORS.

Court of Appeals for Hamilton County.

JOHN G. ROTH ET AL V. JOSEPH HUMMEL, EXECUTOR.

Decided, June 7, 1913.

*Construction of Section 10878, Limiting the Time for Bringing Suits Against the Heirs, Widow and Next of Kin of a Decedent.*

The provisions in the General Code 10878 (R. S. 6218), requiring suit to be commenced against the heirs, widow and next of kin of a decedent within one year after the time when the right of action shall first accrue, is not merely a statute of limitation relating to the remedy, but is a necessary qualification of the right to maintain such an action.

*H. P. Kaufman, Denis F. Cash* and *F. J. Dorger,* for plaintiffs in error.

*H. A. Reeve* and *Cogan, Williams & Ragland,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This proceeding in error is brought by the distributees, who were the children and next of kin of John C. Roth, deceased, to reverse a judgment against them taken upon the bond of Frank Fehr as executor of Theresa Aulbach, deceased, on which bond John C. Roth was one of the sureties. Roth died and his estate was fully administered and distributed before the settlement of the account of Frank Fehr as such executor, so the action below was brought against Fehr's representatives and those of the other bondsman and the distributees of the estate of John C. Roth, under Sections 6217 and 6218 of the Revised Statutes (being before the enactment of the General Code).

A demurrer was filed by Roth's distributees to the petition and amendment thereto both general, that the petition did not state a cause of action, and special in that "the action was not brought within the time limited for the commencement of such actions." This demurrer was overruled, to which ruling they excepted. Afterwards they answered, and on trial judgment was entered against them.

The account of Frank Fehr as executor of Theresa Aulbach, deceased, was filed in the probate court which, upon settlement of same May 1, 1902, found that there was due from him as executor of said estate some three thousand five hundred dollars. Fehr's successor as executor of Theresa Aulbach, who was plaintiff below, gave notice May 10, 1902, of his intention to appeal from this finding and judgment of the probate court to the court of common pleas. The transcript and original papers were filed in the common pleas court on August 4, 1902, on appeal from the probate court. As the statute in order to perfect such appeal required same to be filed ''by the person appealing'' on or before the second day of the term of said court next after the undertaking or notice was given (R. S. 6409), which day was the first Tuesday after the first Monday in July, it will be seen that the transcript and papers were filed a month too late. This state of facts appearing to the common pleas court it dismissed the appeal on June 3, 1908.

In *Biddle* v. *Phipps*, 2 C. C., 61, it was held that the person appealing must file the transcript. And in *Downing* v. *Downing*, 3 C.C.(N.S.), 623, 625, that a failure to file the transcript in time is fatal. And in *Brown* v. *Wallace*, 66 O. S., 57, the Supreme Court has laid down the rule as follows:

''As the right of appeal exists only by virtue of the statutes, in order to give appellate court jurisdiction the statutory provisions must be strictly followed.''

The common pleas court never having obtained jurisdiction of this appeal, it was dismissed. This practically decided that there never had been any pending appeal and the judgment of the probate court had been at all times after its entry in full force precisely as if no attempt had been made to appeal it.

The defendant in error was himself responsible for the delay caused by his abortive attempt, and plaintiffs in error were not in any way a party to these proceedings or responsible for same.

Section 6217 of the Revised Statutes provided:

''After the settlement of any estate by an executor or administrator and after the expiration of the time limited for the

commencement of actions against him by the creditors of the deceased, the heirs, next of kin, widow as next of kin, devisees and legatees of the deceased, shall be liable by action in the common pleas or superior court, in the manner provided in the following sections, for all debts which could not have been sued for, against the executor or administrator, and for which provision shall not have been made as hereinbefore provided.''·

And Section 6218 provided:

''Any such creditor whose right of action shall first accrue after the expiration of the time of such limitation　＊　＊　＊ may recover the same against the heirs, widow as next of kin and next of kin of the deceased, and the devisees and legatees under his will, each one of whom shall be liable to the creditor to an (amount) not exceeding the value, whether of real or personal estate, that he or she shall have received under the will, or by the distribution of the estate of the deceased　＊　＊　＊ and provided further, no such suit shall be maintained unless it be commenced within one year next after the time when the right of action shall first accrue, except'' (then follow exceptions for disabilities of infancy, lunacy, etc.).

Without the provisions of these statutes there would be no right of action against John G. Roth and his brothers and sisters. They did not sign Fehr's bond as executor and had no relations whatever to plaintiff or the claim sued upon. Their father however was a surety on the bond, and if he had then been alive or his estate had been unsettled or in the hands of his executrix, he or she could have been sued on the bond at any time within ten years from the time the right of action accrued. (R. S. 4984, G. C. 11226.) But as alleged in the petition John C. Roth's estate had been settled in April, 1901, and the probate court refused plaintiff's application to appoint an administrator *de bonis non* with the will annexed November 25, 1907. There could therefore be no action against him or his estate. And R. S. 6217 and 6218 furnish the only authority for any proceeding against his distributees.

Plaintiff's cause of action first accrued when the probate court settled the account of Fehr as executor. *Newton* v. *Hammond*, 38 O. S., 430.

The order finding the amount due from him to the estate became a judgment in favor of the estate to which the succeeding executor was entitled. *Slagle* v. *Entrekin,* 44 O. S., 637.

In this case therefore plaintiff's cause of action accrued May 1, 1902, and no suit could be maintained thereon against plaintiffs in error unless it was commenced within one year from that date. The petition was filed August 31, 1908, more than five years too late.

The argument of defendant in error that because the action arises upon an executor's bond under R. S. 4984 (G. C. 11226), it can be brought within ten years, overlooks the fact that this section was itself "subject to the qualifications in R. S., 4976," which was as follows:

"Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues; but where a different limitation is prescribed by statute that shall govern."

R. S. 6218 does prescribe a different limitation of one year and as it and the ten year limitation of R. S. 4984 both start from the time the cause of action accrues, the latter must yield to the former by virtue of the express terms of R. S. 4976. If this were not the rule we could hardly conceive of a case where the one year provision of R. S. 6218 would apply. Take a case where it was desired to pursue distributees on a claim arising on a verbal contract by the same argument suit could be commenced in six years and not in one as the statute provides. So if it were upon a promissory note it might be prosecuted in fifteen years and not be limited to one year, and so with every other class of the claims, rendering the one year provision entirely nugatory.

Our Supreme Court has passed on this question in *Railroad* v. *Mowatt,* 35 O. S., 284, where a claim on behalf of a property holder for damages caused by change of grade made by a railroad in occupying a city street was limited by the terms of the action to two years instead of the general statute of limitations for tort of four years. See also *Shierberg* v. *Shierberg,* 5 Bull., 753.

There is no right to proceed against the distributees of an estate except upon the terms named in the statute. In the case of *Railroad* v. *Hine,* 25 O. S., 629, for damages because of wrongful death, the statute giving a right of action contained a qualification "provided that every such action shall be commenced within two years after the death of such deceased person." After the death had occurred, by a change in the law, this provision was omitted and suit was brought after two years had expired. The court held that the restriction qualified the right itself and no repeal could be had to affect rights of the parties already accrued.

Plaintiff therefore had no right of action against Roth's distributees under the petition when filed and their demurrer should have been sustained. Judgment reversed as to plaintiffs in error and judgment will be entered for them here.