### BARRING OF A CLAIM AGAINST HEIRS OF A TRUSTEE.

Court of Appeals for Hamilton County.

KATE ROBSON ET AL v. FANNIE R. EVANS ET AL.

Decided, June 15, 1914.

*Trusts—Running of the Statute of Limitations—As to a Claim Against the Estate of a Trustee—Bar Not Prevented from Falling by Continuation of the Trust—Partition—Sections* 10876-7-8.

Beneficiaries under a trust can not maintain an action against the heirs and legatees of the deceased trustee or enforce a claim against their interest in the trust property, where no claim was asserted against his estate within the time fixed by the laws of administration.

*Bettinger, Schmitt & Krcis,* for plaintiffs.
*Herman P. Goebel* and *Oliver M. Dock,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

William Robson, a resident of Newport, Kentucky, died in May, 1880, leaving a considerable estate consisting of both personal property and real estate situated in Kentucky and Ohio. By his will, probated in Campbell county, Kentucky, an authenticated copy of which was filed in Hamilton county, after making certain devises and bequests he devised and bequeathed all the remainder of his real and personal estate in equal shares to his five children and to a granddaughter, who was the only representative of a deceased son.

Shortly after the death of William Robson an arrangement was made among his devisees whereby it was agreed that no partition or division of the real or personal property should be had for ten years, but that it should be taken charge of, managed and controlled by one of the sons, Charles Robson, for the benefit of all. Under this management Charles Robson took possession of the real and personal estate and managed the same up to the time of his death in October, 1897.

Shortly after the death of Charles Robson it was agreed by the interested parties that George A. Robson, his brother, should succeed Charles Robson as trustee under the previous arrangement and that he should hold and manage all of the property for the benefit of all, as had been done by his deceased brother.

At that time Kate Robson, the widow of Charles Robson, as his executrix rendered an account and obtained a receipt for stocks, notes and bonds turned over to George A. Robson as such trustee, and also made to him a cash payment which represented the income collected by her after the death of Charles Robson and before the appointment of George A. Robson as such trustee. It being discovered later that the amount of this cash payment was larger than it should have been, George A. Robson repaid to her the amount of such overpayment.

George A. Robson continued to act as trustee up to the time of his death which occurred about a year later, and after that time a new trustee who is still acting was agreed upon.

Under the will of Charles Robson, which was probated in November, 1897, he devised and bequeathed all of his property, which included his one-sixth share of the estate of his father

William Robson, to his widow Kate Robson for life, and after her death to their children. This widow and children as plaintiffs, in December, 1910, filed a petition praying for partition of the real estate devised by William Robson and that the one-sixth interest which belonged to them by virtue of the will of their father Charles Robson be set off to them in severalty.

To this petition a cross-petition was filed containing two causes of action, the first of which set out certain facts as to the description of the real estate and as to he charges made against some heirs, and as to the relationship of the parties, none of which raised questions involved in this appeal.

Under the second cause of action the cross-petitioners charge that Charles Robson as trustee during his lifetime collected large sums of money as rents and income from the real and personal property for which he did not account to the beneficiaries of the trust; that he also did not acccount for all the personal property which came into his possession and that the plaintiffs after his death as his heirs have failed to so account to defendants for such personal property or to turn over the rents, income and profits thereof to them, although requested so to do; they pray that the plaintiffs may be required to render such an account, and that their interest in the real estate be charged with the amounts found due on such account, and if the account exceeds the distributive share of the plaintiffs then they pray for judgment against them for the amount of such excess.

This case was disposed of below upon demurrer, and was brought into this court by the defendants on appeal, and all of the questions presented here are raised upon the demurrer to the second cause of action set out in the petition.

There is no claim made that the widow and children of Charles Robson, plaintiffs herein, themselves collected any money either as trustees or tenants in common of the real estate, or as joint owners of the personal property, for which they have not accounted. The defendants are seeking to hold, against the share of the property to which they are entitled under the will of Charles Robson, claims for money which they allege Charles

Robson had collected or obtained possession of and failed to account for to them.

Under the family arrangement Charles Robson was the trustee of an express trust. His position as trustee ended at his death and he was succeeded by a new trustee in the person of his brother. The claim made by defendants against the plaintiffs is not to account for money collected or property received by them either as trustees or co-tenants since the death of Charles Robson. The gist of their action is the failure of Charles Robson to properly account for the money and property received by him as such trustee during his lifetime. Upon his death, ·although the trust continued to exist, his trusteeship terminated and it became the duty of his executrix to turn over to the succeeding trustee all of the property of said trust and to render to him a complete account of her administration; and at the same time, it became the duty of the succeeding trustee, or upon his failure the duty of the beneficiaries to demand such an accounting from the executrix of the estate of Charles Robson. At his death whatever was owing from him to the beneficiaries or to his succeeding trustee became a debt of the estate, and they were to that extent creditors of the estate and should have presented their claims to the executrix for allowance and payment. Any claim against him in relation to such trust accrued at the time of his death—the termination of his trusteeship. Being an accrued claim it should have been enforced against his estate within the time fixed by the laws of administration, and the fact that it was not enforced against the estate of Charles Robson does not warrant defendants to now assert it as a claim against his legatees and devisees or against their interest in the trust property. The only cases in which the heirs, devisees and legatees might be held liable are under the provisions of Sections 10876, 10877 and 10878, General Code. *Arbaugh* v. *Mellett*, 5 C. C., 297; *Roth* v. *Hummel*, Ct. Index, June 10, 1913; *Hall* v. *Blumstead*, 20 Pick (Mass.), 2.

The claim presented by defendants is not of a character that could be enforced under these sections; and if it were, the time

for its enforcement is barred by the limitation contained in Section 10878.

The cases as to a continuing trust, cited on behalf of defendants, might be applicable if this were a proceeding against Charles Robson now in life, but the fact that the trust is still continuing does not alter the obligation put upon his estate for the settlement, so far as his trusteeship is concerned.

The demurrer to the second cause of action set up in defendants' cross-petition will therefore be sustained, and a decree for partition may be had. .